CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 1 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROD TURNER, | ) |
| Plaintiff, | ) Civil Action No. 7:07-cv-00419 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| LT. KINDER, et al., | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

Plaintiff, Rod Turner, brings this action pursuant to 42 U.S.C. § 1983, alleging that, while at Southwest Virginia Regional Jail ("SWVRJ"), the defendants used excessive force against him. Turner is now housed in a local jail in Florida. Turner requests injunctive relief for his "protection" and for him to be transferred to another jurisdiction, as well as $300,000 in damages. For the reasons stated, the court finds that Turner's claims for injunctive relief are moot and, therefore, denies them. His claim for damages, however, is not moot and, therefore, this action will proceed.[1]

## I.

Turner alleges that while he was in a holding cell at SWVRJ as a pre-trial detainee, he fell asleep while waiting to be booked. When he awoke, his eyes, nose, and throat were burning. Apparently, the guards had used pepper spray to try to wake him up. When he asked why they did that, they allegedly told him that it was their written policy on how to wake up inmates. In addition, as he awoke, they were coming toward him with a tazer shield to wake him up. It is not clear, but it does not appear, that they tazered him. When they saw that he was awake, they took him to an "extremely hot" shower, which caused the pepper spray to run all over his body and intensified the burning sensation. When he asked them to adjust the temperature of the water, he claims that one defendant laughed, declined his request, and threatened to pepper spray him again. That same day,

---

[1] By Order entered September 24, 2007, the Clerk of the Court effected service of process upon the defendants.

Turner was released from SWVRJ because his sister posted bail for him.

In his initial complaint, Turner did not specify the relief he requested. By Order, entered September 6, 2007, the court notified Turner of this deficiency and gave him ten days to respond and indicate the relief he requested. Turner responded, indicating that he requested injunctive relief to protect him and transfer him to another jurisdiction. Turner then filed a timely motion to amend his complaint, wherein he requested $300,000 in damages. The court granted that motion by previous order.

## II.

Claims for injunctive relief become moot when a prisoner is no longer subjected to the condition of which he complains. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). As Turner has been transferred to the 33rd Street Jail in Orlando, Florida, he is no longer subjected to the conditions he complained of in this action. Therefore his claims for injunctive relief are moot.

## III.

For the reasons stated, the court denies Turner's claims for injunctive relief. Because his claims for damages are not moot, however, this action will proceed. The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to Plaintiff.

ENTER: This October 1, 2007.

United States District Judge