CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 15 2008

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROD TURNER,<br>    Plaintiff,<br>v.<br><br>KINDER, et al.,<br>    Defendants. | Civil Action No. 7:07-cv-00419<br><br>MEMORANDUM OPINION AND ORDER<br><br>By: Hon. Michael F. Urbanski<br>United States Magistrate Judge |

Plaintiff Rod Turner brings this claim pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, alleging that defendants used excessive force against him during his nine hour incarceration at Southwest Virginia Regional Jail. On January 14, 2008, Turner filed a motion for discovery. Defendants filed responses indicating that motions for summary judgment, the basis of which would be qualified immunity, were forthcoming and requesting that discovery not be allowed until the threshold question of immunity was resolved. Thereafter, defendants filed their motions for summary judgment. By memorandum opinion and order entered March 10, 2008, the court determined that Turner's discovery requests were relevant to the issue of qualified immunity. Accordingly, the motions for summary judgment were taken under advisement and Turner was granted the opportunity to engage in discovery and given ten (10) days to file any additional discovery requests. Turner's additional discovery requests were received by the court on March 31, 2008, and defendants Powers and Kilgore filed their responses with the court on April 18, 2008.

By order entered May 2, 2008, the court determined that the time for discovery had ended and directed Turner to respond to defendants' motions for summary judgment within twenty (20) days from the date of entry of the order. However, on May 9, 2008, the court received a document from Turner requesting that the court direct defendants to provide him with certain documents to which defendants Powers and Kilgore had previously objected. The court will construe Turner's May 9, 2008 request as a motion to compel production of the requested documents. On May 12, 2008, the court received defendant Kinder's objections to Turner's May 9, 2008 requests and a motion for a

Case 7:07-cv-00419-SGW-mfu   Document 70   Filed 05/15/08   Page 1 of 4   Pageid#: 302

protective order requesting that the court forbid the discovery until the court rules on Kinder's motion for summary judgment.[1] On May 14, 2008, Turner filed a motion for an extension of time to respond to defendants' objections to the discovery requests and to continue discovery. Finally, on May 15, 2008, defendants Powers and Kilgore filed objections to Turner's May 14, 2008 motion.

Turner first requests "any and all grievances, complaints, or other documentation," including "logs, lists"[2] or "memoranda [and] investigative files," "received by the defendants or their agents at the Southwest Virginia Regional Jail concerning [the] mistreatment of inmates by defendants Kinder, Powers, Kilgore" since January of 2003. Turner contends that he seeks these documents to "establish a pattern of behavior commonly practiced by these defendants." Powers and Kilgore object to this request as it is "not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents pertaining to complaints of other inmates not pertinent or relevant to this proceeding." They further object to the request because it is "overly broad and unduly burdensome." Kinder contends that he is not in possession of any such documents.

Turner further requests "any and all documents created by staff or any employee of the SWVRJ in response to [the grievance] filed by plaintiff on July 24, 2006 concerning his

---

[1] The court notes that, while Kinder contends that he responded to Turner's discovery requests on April 18, 2008, and includes his response with his current motion, he failed to file that discovery material with the court as required by the July 10, 1990 Standing Order of the court. The court further notes that all three defendants incorrectly contend that Turner's additional discovery requests, received by the court on March 31, 2008, were untimely. The court's March 10, 2008 order directed Turner to respond with any additional discovery requests within ten days of the date of entry of that order. Accordingly, pursuant to Federal Rule of Civil Procedure 6(a)(2), Turner's additional discovery requests were due ten business days later on March 24, 2008. Turner's additional discovery requests were dated March 21, 2008. The court will presume for purposes of this memorandum opinion that Turner delivered his discovery requests to prison authorities for mailing to the court on that date. Thus, Turner's additional discovery requests were timely filed on March 21, 2008. See Houston v. Lack, 487 U.S. 266, 276 (1989) (finding that prisoner's appeal from denial of habeas relief was considered filed on day he delivered it to prison officials for mailing to the court). However, the court does note that Turner's interrogatories, dated April 8, 2008, and received by the court on May 9, 2008, were filed past the deadline indicated in the March 31, 2008 order.

[2] Turner's fourth request includes "any logs, lists or other documentation reflecting grievances or complaints filed by inmates of the SWVRJ" against the defendants since January 2003. The court finds that this request largely duplicates the first request. Accordingly, the court will combine and consider the two requests together.

mistreatment." Powers and Kilgore provided Turner with a copy of an inmate complaint form, dated July 24, 2006, and a grievance form, dated July 25, 2006, and the corresponding responses indicating that the matter was being investigated. Turner appears to complain that this response fails to include the results of any investigation. Kinder contends that he is not in possession of any such documents.

Under Federal Rule of Civil Procedure 26, a plaintiff may obtain discovery regarding any nonprivileged matter that is relevant to the claim. Fed. R. Civ. P. 26(b)(1). "Even assuming that this information is relevant (in the broadest sense), the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." Nicholas v. Wyndham Intern., Inc., 373 F.3d 537, 543 (4th Cir. 2004). A district court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

Based on these principles, the court finds that Turner's requests may be relevant[3] to the instant action, and further finds that none of the limiting factors set forth in Federal Rule of Civil Procedure 26(b)(2)(C) appear to apply. However, the court finds that it is appropriate to review the documents in camera prior to determining their discoverability as the documents may contain private or irrelevant information.[4] Accordingly, the court will grant Turner's motion to compel and

---

[3] Kinder contends that none of Turner's discovery requests are "relevant to Kinder's qualified immunity plea, which at this stage, is limited to the question whether Plaintiff suffered more than a de minimis injury." The court refers Kinder to page 6 of the March 10, 2008 memorandum opinion in which it was noted that the "discovery requested by Turner could contribute to the determination of whether defendants acted maliciously and sadistically for the very purpose of causing harm, whether Turner's injuries were more than de minimis, and whether defendants were deliberately indifferent to Turner's allegedly serious medical needs." Thus, discovery is not limited to the extent that Kinder suggests.

[4] Defendants Powers and Kilgore contend that Turner's first request is overly broad and unduly burdensome. This court disagrees that the request is overly broad and unduly burdensome as Turner is requesting documentation relating only to the named defendants over a five-year period. See Horn v. Wallace, No. 3:06-cv-108/LAC/EMT, 2007 WL

Case 7:07-cv-00419-SGW-mfu   Document 70   Filed 05/15/08   Page 3 of 4   Pageid#: 304

defendants will be directed to submit any documentation concerning any relevant complaints, investigations, civil rights or criminal actions, and disciplinary reports involving any of the defendants subsequent to January of 2003, including any investigations and the results thereof related to the current excessive force complaint, so that such documentation may be properly evaluated by this court. Moreover, the court will vacate in part the May 2, 2008 order to the extent it directs Turner to respond to the motions for summary judgment within twenty days and stay Turner's time to respond until further order of the court. Further, the court will deny Kinder's motion for a protective order as Kinder fails to show good cause for such an order and this court has already noted that Turner has made an adequate showing of his need to engage in discovery and granted him the opportunity to do so. The court will also deny Turner's request for an extension of time to respond to defendants' objections to his discovery requests as the record reveals that he did so on May 9, 2008. Finally, the court will deny Turner's motion to continue discovery in which he requests to file "additional discovery requests" as Turner has failed to demonstrate excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).[5]

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for defendants.

**Entered:** This 15th day of May, 2008.

_____
United States Magistrate Judge

---

4414843 (N.D. Fla. Dec. 17, 2007) (directing defendants to provide any disciplinary reports concerning allegations of excessive force that occurred involving the named defendants beginning five years prior to and extending to one year after the date of the alleged incident).

[5] Turner contends that he should be granted the opportunity to file more discovery requests because he was transferred; however, the record reflects that Turner was not transferred within the ten-day response period set forth by the March 10, 2008 order.

Case 7:07-cv-00419-SGW-mfu Document 70 Filed 05/15/08 Page 4 of 4 Pageid#: 305